UNITED STATES DISTRICT COURT         <u>NOT FOR PUBLICATION</u>
EASTERN DISTRICT OF NEW YORK

---

MARIE L. BANKS,

                         Plaintiff,               <u>MEMORANDUM AND ORDER</u>

- versus -                   12-CV-3239 (JG) (RER)

GEORGE CONSTANTINE; DR. PETER
KALCANIS; ORTHOPEDIC GROUP NORTH
SHORE LIJ; and THE CITY OF NEW YORK,

                        Defendants.

---

JOHN GLEESON, United States District Judge:

        Plaintiff Marie L. Banks commenced this *pro se* action on June 27, 2012, seeking leave to proceed *in forma pauperis*.  I grant her request to proceed *in forma pauperis* solely for the purpose of this Order and dismiss the complaint for the reasons set forth below.

## BACKGROUND

        Banks's complaint involves two slip-and-fall accidents, first on September 11, 2010, and then on March 27, 2012.  Banks appears to allege medical and legal malpractice arising from her attempts to obtain medical treatment and legal representation in connection with these accidents.  *See* Compl. p. 2, ECF No. 1.  In addition, as her "Statement of Claim," Banks sets forth the following: "surgical assault, Medical Fraud, conspiracy, Civil Rights, Tortures, Malpractice of lawyer, sign of Government Benefits to pay Notorious Team of Medical Fraud with 20 years of experience & more."  *Id.* at 1, ¶ III.

DISCUSSION

A.      *Standard of Review*

Under 28 U.S.C. 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis*

action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will

be considered plausible on its face "when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Moreover, a plaintiff must establish that the court has subject matter jurisdiction

over the action. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999); *see*

*also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  The subject matter jurisdiction of the

federal courts is limited.  Federal jurisdiction is available when a "federal question" is presented,

28 U.S.C. § 1331, or when the plaintiff and defendants are of diverse citizenship and the amount

in controversy exceeds $75,000, *id.* § 1332(a).  If a federal court "determines at any time that it

lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see*

*also Arbaugh*, 546 U.S. at 514.

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint

should not be dismissed without granting the plaintiff leave to amend "at least once when a

liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez*

2

*v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation

omitted).   Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural

and substantive law, including establishing that the court has subject matter jurisdiction over the

action."  *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1

(E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

B.      *Analysis*

        Banks's claims alleging medical malpractice and legal malpractice must be

dismissed for lack of subject matter jurisdiction.  Banks does not allege any facts that would

support diversity jurisdiction and these claims arise under state law, not federal law.  *See, e.g.*,

*Ryan v. Ajami*, No. 02-CV-4019, 2002 WL 31890050, at *3 (S.D.N.Y. Dec. 30, 2002) (legal

malpractice); *Obunugafor v. Borchert*, No. 01-CV-3125 (WK), 2001 WL 1255929, at *2

(S.D.N.Y. Oct. 19, 2001) (medical malpractice).  The complaint's conclusory references to

medical fraud, conspiracy, civil rights, torture and government benefits are insufficient to

establish federal subject-matter jurisdiction.  *See, e.g.*, *Novikova v. IRS*, No. 04-CV-5324 (DLI)

(LB), 2007 WL 2891301, at *9 (E.D.N.Y. Sept. 28, 2007).

        The claims against the City of New York must also be dismissed for lack of

subject-matter jurisdiction.  Any negligence claim against the City of New York in connection

with Banks's slip-and-fall accidents does not arise under federal law.  *See, e.g.*, *Cnty. of*

*Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

        Because the defects in subject-matter jurisdiction do not appear to be curable, the

complaint is dismissed without leave to amend.  *See, e.g.*, *U.S. ex rel. Phipps v. Comprehensive*

*Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 455–56 (S.D.N.Y.2001); *see also Ruffolo v.*

3

*Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

CONCLUSION

For the reasons stated above, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to enter judgment and close the case.

So ordered.


John Gleeson, U.S.D.J.

Dated: July 10, 2012
        Brooklyn, New York

4